I. A. Olsen and another *vs.* George Jodon and another.

June 5, 1888.

A certain contract construed.

Plaintiffs brought this action in the district court for Hennepin county to recover a commission, as brokers, on a sale of certain described real estate. The complaint alleges, in substance, that on May 13, 1887, one Oswald, the owner of the property, employed defendants to sell it for him at $4,000 per acre, (being about 116 acres,) the defendants to have for their services all sums over that price which they might be able to obtain for the property; that soon afterwards the defendants employed plaintiffs to procure a purchaser for the property at $4,200 per acre, payable not less than $100,000 on or before August 10, 1887, and the balance to be secured by mortgage; that plaintiffs accepted the employment, and, by diligent efforts, procured and induced Anderson & Douglas to become purchasers on the terms named by defendants, and so informed the defendants; that thereupon, on June 29, 1887, the defendants, by agreement in writing, annexed to the complaint as Exhibit A, "promised and agreed to pay plaintiffs, as commission for selling said premises to Anderson, Douglas & Co., the sum of $5,000." The complaint further alleges that, as the result of plaintiffs' efforts, the sale was consummated, and a contract made between the purchasers and the owner, by which the former were to pay $4,200 per acre, as follows:   $1,000 cash on delivery of the contract; $4,000 cash on or before July 20th; $95,000 cash on or before September 1st, (when the purchasers would be entitled to a deed,) and the balance of the purchase-money to be paid in three or five years as the purchasers might elect, with interest at 7 per cent. per annum, and to be secured by purchase-money mortgage on the land; that the purchasers have made the $1,000 and the $4,000 payments, and are able fully to perform their contract; that plaintiffs have fully performed on their part; that the defendants, on August 24, 1887, received from Oswald and Anderson, Douglas & Co. their share of the purchase-money, amounting, in money, notes, and other property, to more than $12,000, but have wholly refused to pay the plaintiffs' commission, though demanded.

Exhibit A is as follows, (omitting signatures and date:)

"We the undersigned hereby agree to pay J. S. McEwen and I. A. Olsen or order $5,000, to be paid to them in the proportion of $2,500 each, as commission in full to each of them in the proportion as aforesaid for negotiating the sale of that certain tract of land, (describing it.) This agreement being made upon the express understanding and agreement that said parties negotiate and consummate to Anderson, Douglas & Co., or their representatives or associates, the sale of said land at $4,200 per acre, said commission not to be paid until the undersigned receive their share of the purchase-money from said sale. They to take nothing but cash for their share."

The defendants answered, and the cause came on for trial before *Hicks*, J., and a jury, whereupon, and before any evidence was introduced, the defendants moved for a dismissal for failure of the complaint to state a cause of action. The motion was granted, a new trial was refused, and the plaintiffs appealed.

*M. O. Little* and *Hooker, Little & Nunn*, for appellants.

*T. F. Knappen* and *Wilson & Lawrence*, for respondents.

MITCHELL, J. The sole question is whether the complaint states a cause of action. Plaintiffs urge that the complaint is good independently of the agreement, Ex. "A," attached to and made a part of it, and which should be disregarded. We are unable to concur in this view. This agreement was executed before any contract had been made with Anderson, the proposed purchaser, and before any bargain had been made as to the amount of plaintiffs' commission; and hence, as to all matters which it covers, this agreement becomes the contract of the parties. We must therefore look to it to determine when or on what conditions plaintiffs' commission was to be considered as earned and payable. This agreement was evidently intended to be unilateral in form, and to be signed by defendants alone, and must be so read and construed. It starts out with an agreement on part of defendants to pay plaintiffs a commission of $5,000 for negotiating a sale of the land. It then adds: "This agreement being made upon the express understanding and agreement that said parties (plaintiffs) negotiate and consummate to Anderson, Douglas & Co., or their representatives or associates, the sale of said land at $4,200

per acre, said commission not to be paid until the undersigned (defendants) receive their share of the purchase-money from said sale." Defendants' contention is that this means that the commission was not to be paid until the contract of purchase had been completely executed by Anderson, Douglas & Co., by full compliance with the terms agreed on, which, upon reference to the body of the complaint, we find were the payment of $100,000 cash on or before the delivery of the deed, and the execution of a mortgage back on the land for the balance of the purchase-money. Whatever might be the meaning of the expression "consummate a sale," if standing by itself, yet, in order to ascertain the sense in which it is here used, reference must be had to what follows, viz., that the commission was not to be paid until the defendants received their share of the purchase-money. On referring to the complaint we find that this share was $200 per acre, that is, what was obtained over and above $4,000 per acre, which was to be paid to Oswald, the owner of the land. As the complaint alleges that the land contained 116 acres, this share would amount to $23,200. Therefore, taking the contract by its four corners and construing it in the light of the relation of the parties to each other and to the property, we think it means that the commission was earned and payable as soon as (and not before) Anderson, Douglas & Co. had become purchasers of the land by entering into a binding contract to that effect, and this contract of purchase had been so far carried into execution that the defendants had received their full share ($23,200) of the purchase-money, which was their only interest in the matter. The allegation of the complaint is that the defendants have "received and accepted from Oswald and Anderson, Douglas & Co. their share of the purchase-money from said sale, amounting, as plaintiff is informed and believes, in money, notes, and other property, to more than $12,000." As against an objection on the trial to the admission of evidence on the ground that the complaint does not state a cause of action, we are of opinion that this should be held to be an allegation that defendants had received their share of the purchase-money, and not that they had received only $12,000.

Order reversed.